UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MICHAEL SHIELDS : CASE NO. 1:14-CV-01722
:
          Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 18, 34]
ACI DIRECT, INC., ET AL., :
:
          Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Michael Shields seeks to initiate a collective action to recover allegedly unpaid overtime wages owed to himself and similarly situated employees.[1] He now moves the Court to approve his proposed notice that would be sent to putative class members.[2] Defendant ACI Direct, Inc. ("ACI") opposes on the ground that Plaintiff has not yet moved to certify a conditional class.[3] For the reasons below, the Court **DENIES** Plaintiff's motion.

**I. Background**

Defendant ACI is a contractor that has, at various times, provided cable installation and maintenance services for Defendants Time Warner Cable, Inc. and WideOpenWest Finance, LLC.[4] Plaintiff Michael Shields is a former employee of ACI, where he worked as a cable installer.[5] Shields generally alleges that ACI required him to underreport the hours he worked, thereby

---

[1] Doc. 11.
[2] Doc. 18.
[3] Doc. 27. Defendant Time Warner Cable, Inc., has also opposed this motion. *See* Doc. 29. Time Warner's objections go to the contents of the notice itself. Because the Court denies the motion on procedural grounds, Time Warner's objections as to the substance of the notice are moot and the Court does not address them.
[4] Doc. 11 at 2–4.
[5] *Id.*

Case No. 1:14-CV-01722
Gwin, J.

depriving him of overtime compensation in violation of the Fair Labor Standards Act ("FLSA")[6]
and Ohio Minimum Fair Wage Standards Act.[7]

In connection with his FLSA claim, Shields intends to seek certification of a collective action "on behalf of himself and other similarly situated past and present employees of Defendants . . . ."[8] Shields has not yet moved to certify the collective action, but nevertheless now moves the Court to approve his proposed notice to the putative class of this law suit.[9] Shields says it is necessary to issue these notices quickly because the FLSA's statute of limitations is tolled as to each class member only when the Court receives a consent form confirming that the class member has opted in to the collective action.[10] Thus, he says expeditious action needed in order to preserve the rights of putative class members.[11]

## II. Analysis

Under 29 U.S.C. § 216(b), a plaintiff alleging a FLSA violation can bring a collective action for himself and similarly situated persons if the plaintiff meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."[12]

The Sixth Circuit has adopted a two-stage certification process to determine whether a

---

[6] 29 U.S.C. §§ 201–219.
[7] Ohio Rev. Code §§ 4111.01–.03.
[8] Doc. 18 at 1.
[9] *See generally id.*
[10] *Id.* at 2–3 (citing 29 U.S.C. § 256).
[11] *Id.*
[12] *Comer v. Wal-Mart Stores*, Inc., 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted).

Case No. 1:14-CV-01722
Gwin, J.

proposed group of plaintiffs is "similarly situated."[13] First, the "notice" stage focuses on determining whether there are plausible grounds for plaintiffs' claims.[14] At this stage, a plaintiff must make only a modest factual showing that his position is similar to the positions held by the putative class members.[15] Because the court has limited evidence at this stage, this standard is "fairly lenient," and "typically results in conditional certification of a representative class."[16]

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[17] The second stage determination is "typically precipitated by a motion for 'decertification' by the defendant."[18] Review at this stage is more stringent because a court has "more information on which to base its decision and makes a factual determination on the similarly situated question."[19]

District courts have broad powers to manage class litigation to ensure that parties are joined "in an efficient and proper way."[20] In a collective action where class members must affirmatively opt-in to join the suit, "trial court involvement in the notice process is [not only] inevitable," it is desirable as it "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting

---

[13] *Id.* at 546–47. Plaintiff suggests that certification is not required to proceed as a collective action because the text of the FLSA does not mention "certification." *See* Doc. 34 at 2–3. This, of course, misses the point of certification, which is the procedure through which a court determines whether the putative class members are in fact "similarly situated" as required by the statute. *See* 29 U.S.C. § 216(b). Moreover, Plaintiff ignores the controlling caselaw discussed here that describe how courts should implement the FLSA's collective action mechanism.

[14] *See id.* at 547.

[15] *Id.* at 546–47 (internal quotation marks and citation omitted).

[16] *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer*, 454 F.3d at 547).

[17] *Comer*, 454 F.3d at 546 (internal quotation and citation omitted).

[18] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

[19] *Id.*

[20] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).

Case No. 1:14-CV-01722
Gwin, J.

cutoff dates to expedite disposition of the action."[21] Courts should thus be involved in the notice process from an early stage of the litigation to effectuate these aims.

But before a court can decide whether a particular notice should be approved, it must first determine that the case before it is indeed appropriate to proceed as a collective action.[22] The reason is intuitive: only once the collective action has been certified will the parties know to whom to send notice.[23] Furthermore, it would be a waste of time and money to send notices to putative class members at this early stage if the named plaintiff will not eventually clear the low bar of achieving conditional certification.

Plaintiff Shields has not moved for conditional certification. His motion for the Court to supervise sending notice to putative class members is therefore premature. If Plaintiff is concerned with preserving the claims of other putative class members, he is encouraged to expeditiously seek conditional certification of his collective action.[24]

---

[21] *Id.* at 171–72.

[22] *See, e.g.*, *Comer*, 454 F.3d at 546 (Before a court can "use its discretion to authorize notification of similarly situated employees to allow them to opt in to the lawsuit," it "must first consider whether plaintiffs have shown that the employees to be notified are, in fact, 'similarly situated.'"); *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 WL 4013167, at *5 (S.D. Ohio Aug. 6, 2013) ("Once an action is conditionally certified, notice is provided to the putative collective class members and discovery proceeds."); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613, 2009 WL 3874683, at *1 (D. Colo. Nov. 17, 2009) (endorsing the "practice of requiring conditional certification of the collective action prior to allowing notices to be sent to potential collective action class members").

[23] *See Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) (explaining that the first step of the opt-in process "is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt into the action") (internal quotation marks and citation omitted).

[24] With his reply brief in support of this motion, Plaintiff Shields suggests for the first time that this Court should treat the instant motion as actually being a motion for conditional certification of the collective action, rather than just a motion for court approval of his proposed notice. *See* Doc. 35. The Court will not consider a new motion made in a reply brief. The Court therefore **DENIES** Plaintiff's amended motion without prejudice to properly file it.

-5-

Case No. 1:14-CV-01722
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for supervised notice of a collective action.

IT IS SO ORDERED.


Dated: December 4, 2014              s/        *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE